## 15675

EVANS *ET AL. v.* RAVENEL *ET AL.,* OF WHOM WILLIE EVANS IS APPELLANT, AND SHECK HILLIARD IS RESPONDENT

(31 S. E. (2d), 347)

*Mr. L. A. Hutson,* of Orangeburg, S. C., Counsel for Appellant,

*Messrs. Zeigler & Brailsford* and *Mr. J. L. Dukes,* all of Orangeurg, S. C., and *Mr. W. R. Symmes* of St. Matthews, S. C., Counsel for Respondent,

September 5, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

This controversy is over the distribution of the proceeds of the sale of a small tract of land in Orangeburg County of which Della Hilliard, intestate, died seized in January, 1940, and she was succeeded in death in a few weeks by her daughter, Lizzie Grayton, her sole heir at law, also intestate. A partition suit was brought by numerous plaintiffs against more numerous defendants, all of whom claimed as heirs at law of Lizzie. The property was sold pursuant to a consent order and the sales price, $800.00, took its place in the litigation.

The Special Referee, to whom the case was referred, and the presiding Judge who heard his report upon exceptions, concurred in finding that Sheck Hilliard is the sole heir at law of Lizzie Grayton, he being her first cousin through her father, and Willie Evans alone appealed; he claims as a half (maternal) first cousin of the decedent, and that by a devious route which will be stated.

Jim Evans was a slave before the emancipation which resulted from the War between the States. In such status, the testimony shows, he had two "wives", by both of whom there were children. From one of these "wives" Della Hilliard, and therefore Lizzie Grayton, her daughter, descended. From the other "wife" of Jim Evans, Willie Evans, the appellant, descended.

Slave marriages, and the children of them, were legitimatized by the benevolent provisions of the statutes which now constitute sections 8569 and 8570 of the Code of 1942. But the testimony in this case falls far short of establishing

that the slave, Jim Evans, was married, even under the liberal terms of these statutes, to either of the mothers of his two families of children. All of the latter were, therefore, held by the lower Court to be illegitimates.

Respondent's ability to inherit was founded upon another line. He is the legitimate grandson of one Hilliard, whose legitimate grandchild Lizzie Grayton also was, so they were legitimate sons, respectively, of their last common Hilliard ancestor, and there is no other first cousin or closer relative of the deceased intestate.

The factual findings referred to were concurrently made by the referee and trial judge and are not seriously attacked in the appeal. There was testimony to support them and they are not contrary to the weight of the evidence, so they are affirmed.

Section 8913 of the Code 1942, which relates to inheritance by or from illegitimates, is inapplicable, as is Sec. 8914, the latter enacted in 1928 apparently to prevent escheats of the intestate estates of illegitimates and make retroactive some of the provisions of Sec. 8913. The amendment of the latter section (8913) of 1934 (No. 818 of the Acts that year, 38 St. at Large, p. 1419) put equality of inheritance upon legitimate and illegitimate brothers and sisters of an illegitimate who left intestate an estate coming within its terms, but not cousins. *Muldrow v. Caldwell,* 173 S. C., 243, 175 S. E., 501.

The present case was properly decided under the terms of Code, sec. 8906, our statute of distributions, and respondent, as the sole first cousin of decedent of heritable blood and, therefore, sole next of kin, was rightly awarded the controverted fund. "Heritable blood" is that which is untainted by illegitimacy and only heirs or next of kin of such take under our law in the absence of specific statutory authorization, here absent. *Gibson v. Rikard,* 143 S. C., 402, 141 S. E., 726.

Tested by the foregoing rules, the structure of appellant's claimed inheritance is faulty at two points.

Under the facts found, his father was the illegitimate child of his slave grandfather as was his aunt, the natural half-sister of his father (respondent's ancestress), so there appear two obstacles of illegitimacy to his claim of kinship to decedent.

But the decision need not be based upon illegitimacy of appellant's line of ancestry. Were his father the legal offspring of a valid common-law or statutory (Sec. 8569) marriage relationship, his aunt (respondent's mother) could not be, for their mothers were different and their grandfather, Jim Evans, the slave, could not have had more than one legal wife at the same time.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.